

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed May 24, 2005.                                                     United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Kum Sun Hendrickson, | § | CASE NO. 04-81261-BJH-13 |
| | § | |
| Debtor. | § | Chapter 13 |
| | § | |

**Memorandum Opinion and Order**
**Denying Motion to Assume or Reject Lease**

Before the Court is the Motion to Assume or Reject Lease (the "Motion") filed by Michelle Kim ("Kim" or "Movant") on March 17, 2005. The Court has jurisdiction over the Motion in accordance with 28 U.S.C. §§ 1334 and 157(b). For the reasons set forth below, the Court concludes that the Motion should be denied without prejudice.

**Factual Background**[1]

On July 22, 1999, Kum Sun Hendrickson ("Hendrickson" or "Debtor") entered into a contract

---

[1] The facts recited here are not in dispute and were largely stipulated to at the April 19, 2005 hearing.

**Memorandum Opinion and Order Denying Motion to Assume or Reject Lease**                        Page 1

for deed with Kim (the "Contract"). Pursuant to the Contract, Hendrickson agreed to deliver the deed for 6322 Royal Lane in Dallas, Texas (the "Property") to Kim once Kim fulfilled her obligations under the Contract. Kim's obligations included paying a purchase price of $110,000 (with a down payment of $11,000) in monthly installments over a 180-month period. Although the Contract was signed on July 22, 1999, the closing was not to take place until August 1, 2001.[2] Starting on August 1, 2001, Kim, as purchaser, was to be responsible for obtaining insurance for the Property and paying all taxes assessed against the Property.

On November 22, 2000, Hendrickson signed an oath acknowledging that she had borrowed $9,000 from Kim and allowing Kim to apply this debt towards the down payment under the Contract (the "Oath"). After applying this $9,000 credit, the remaining down payment due under the Contract was thereby reduced to $2,000.[3]

Around June 10, 2001, Kim moved into the Property with Hendrickson. For various reasons, Kim moved out again around the end of June 2001. Around this same time, Hendrickson began to dispute whether the Contract was enforceable. Nevertheless, on July 24, 2001, Kim tendered a $2,000 cashier's check to Hendrickson as a down payment under the Contract. Hendrickson refused to accept this check. While there is a dispute over whether or not Kim attempted to make any monthly payments under the Contract, there is no dispute that Hendrickson has not accepted any payments except the $9,000 credit for the down payment. While there is some dispute about who paid the 2001 property taxes, there is no dispute that Kim has not paid any taxes on the Property

---

[2] In 1999, Hendrickson told Kim that she wanted to live in the house two more years and requested that the closing be put off until August 2001. Kim complied with this request.

[3] The Oath mistakenly recites that only a $10,000 down payment was due under the Contract and that, after the $9,000 setoff, $1,000 was the remaining amount due as a down payment under the Contract. At the April 19, 2005 hearing, however, both parties acknowledged that the Oath was in error on this point: $11,000 was the required down payment under the Contract, and $2,000 was the remaining amount due as a down payment under the Contract.

**Memorandum Opinion and Order Denying Motion to Assume or Reject Lease**                  **Page 2**


since 2001. There is also no dispute that (i) Kim has not provided insurance for the Property since sometime in late 2001,[4] and (ii) Kim has not lived on the Property since moving out in June 2001.

On September 12, 2001, Hendrickson filed a state court action against Kim, seeking a declaratory judgment that the Oath and the Contract were both invalid and unenforceable. On August 19, 2004, the state court held that Hendrickson take nothing by her suit and that the Contract was specifically enforceable, and ordered that Kim receive immediate possession of the Property. The state court also awarded Kim $15,000 in attorney's fees.

On September 23, 2004, Kim brought an action against Hendrickson before a justice of the peace for possession of the Property. On October 6, 2004, the justice of the peace rendered judgment for Kim and set the appeal bond at $2,500. On October 17, 2004, before Kim sought enforcement of the order granting her possession of the Property, Hendrickson commenced a chapter 13 case in this Court.

On February 14, 2005, Hendrickson filed her first amended preliminary plan (the "Plan"). Under the Plan, Hendrickson proposes to reject the Contract. On March 17, 2005, Kim filed the Motion, requesting that the Court hold that the Contract is accepted. Hendrickson did not file a response to the Motion. On April 19, 2005, the Court heard the Motion. Both Hendrickson and Kim appeared at the hearing represented by counsel. At the hearing, Hendrickson's counsel again stated that Hendrickson intends to reject the Contract and that another preliminary plan would be filed to take into account Kim's secured rejection damage claim of $9,000.[5] This plan is not yet on file.

---

[4] Kim contends that she obtained insurance for the Property around July 2001, but that this insurance was canceled a few months later because Hendrickson would not let the insurance company inspect the Property. Regardless, the parties do stipulate to the fact that Kim has not provided insurance for the Property since late 2001.

[5] This secured rejection damage claim arises statutorily from 11 U.S.C. § 365(j): "A purchaser that treats an executory contract as terminated under subsection (i) of this section, or a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest of

**Memorandum Opinion and Order Denying Motion to Assume or Reject Lease**                                           **Page 3**

**Legal Analysis**

At the April 19 hearing, Kim initially argued that the Contract is an unexpired real property lease subject to 11 U.S.C. § 365(h)(1)(A). This argument is flawed for two reasons. First, Kim herself testified during cross-examination that it was her understanding of the Contract that she was buying and not leasing the Property. No other testimony was offered on this issue. Therefore, the evidence in the record is clear that the Contract was not a lease. Second, a contract for deed is an executory contract whose rejection is subject to § 365(i)-(j) instead of § 365(h)(1)(A). Under Texas law, it is settled that a contract for deed is an executory contract. *See In re Von Keisler*, 166 B.R. 620, 621 (Bankr. N.D. Tex. 1994) (stating that under Texas law, a contract for deed is an executory contract); *In re Finley*, 138 B.R. 181, 182-84 (Bankr. E.D. Tex. 1992) (reviewing Texas case law and concluding that "a contract for deed is executory under the laws of the State of Texas"); *In re Waldron*, 65 B.R. 169, 173 (Bankr. N.D. Tex. 1986) ("In Texas, it is well settled that land sale contracts are executory contracts and not security devices."). Furthermore, a rejection of a contract for deed is properly analyzed under § 365(i)-(j) instead of § 365(h)(1)(A). *See Turoff v. Sheets (In re Sheets)*, 277 B.R. 298, 303 (Bankr. N.D. Tex. 2002) (stating that "[a] contract for deed is an executory contract subject to the provisions of § 365" and analyzing the rejection of a contract for deed under § 365(i) and § 365(j)). Since the evidence in the record is clear that the Contract is not an unexpired lease and the case law indicates that the rejection of a contract for deed should be analyzed under § 365(i)-(j), this Court holds that § 365(h)(1)(A) is inapplicable.

Kim next argued that the Contract is an executory contract for the sale of real property subject to 11 U.S.C. § 365(i). While this provision is indeed applicable to the Contract, the Court

---

the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid."
**Memorandum Opinion and Order Denying Motion to Assume or Reject Lease** **Page 4**

must first consider two preliminary questions: (1) Does the Movant have statutory authority under 11 U.S.C. § 365 to bring a motion to assume or reject executory contracts; and (2) does the Court have authority to force the Debtor to assume a contract the Debtor already intends to reject? The Court will consider each of these questions in turn.

### *(1) Does the movant have statutory authority to bring the Motion?*

A motion to assume or reject leases or executory contracts is brought by a trustee. *See* 11 U.S.C. § 365(a) (stating that, subject to certain statutory restrictions, "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor"). In a chapter 13 context, a chapter 13 trustee has the right to assume or reject executory contracts or unexpired leases of residential real property at any time before confirmation of the plan. *See* 11 U.S.C. § 365(d)(2). However, a chapter 13 debtor may, through the plan, assume or reject executory contracts or unexpired leases not previously rejected by a chapter 13 trustee. *See* 11 U.S.C. § 1322(b)(7) (specifying that a chapter 13 plan may, "subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section").

In this case, the Motion is being brought by a nondebtor party to the Contract, *i.e.*, Kim. While a party to an executory contract or unexpired lease may bring a motion to set the time by which a trustee must decide which contracts to assume or reject, *see* 11 U.S.C. § 365(d)(2) (stating that "the court, on the request of any party to [an executory contract or unexpired lease of residential real property] may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease"); *see also* Collier Consumer Bankruptcy Practice Guide P. 15.06 ("The primary strategy available to the nondebtor party to an executory contract or lease in a chapter 13

case is to force an earlier election of assumption or rejection by requesting the court to set a specified earlier date by which the choice must be made."),[6] this Court does not believe that a nondebtor party to an executory contract or lease in a chapter 13 case has the statutory authority under § 365 to actually bring a motion to assume or reject.

Kim has not cited this Court to any provision in the Bankruptcy Code or to any case law that allows a nondebtor party to an executory contract to bring a motion to assume an executory contract. This Court has likewise been unable to find any authority for this proposition. But, since the statutory language of § 365 only grants the trustee the authority to bring a motion to assume or reject executory contracts prior to plan confirmation, and since § 1322(b)(7) only allows a chapter 13 debtor to exercise this power through the plan, this Court is convinced that a nondebtor party to an executory contract does not have statutory authority to bring a motion to assume an executory contract. Since Kim is a nondebtor party to an executory contract, she does not have statutory authority to bring the Motion. Therefore, the Motion must be denied.

### *(2) Does the Court have authority to force the Debtor to assume an executory contract?*

The Motion requests that this Court enter an order that forces the Debtor to assume the Contract. The Court cannot enter such an order. The Debtor has already expressed her intention to reject the Contract through the Plan. A nondebtor party to an executory contract simply does not have the statutory authority to force assumption of the contract. *Cf. In re Family Snacks, Inc.*, 249 B.R. 915, 923 (Bankr. W.D. Mo. 2000), *denied in part on other grounds,* 257 B.R. 884 (8th Cir. BAP

---

[6] Furthermore, such an action by a party to the contract could not be brought against a chapter 13 debtor, but against the chapter 13 trustee only. *See In re Yasin*, 179 B.R. 43, 48 (Bankr. S.D.N.Y. 1995) (stating that – although there is confusion on this issue – "the specific language of section 365(d)(2) does not permit a party to an unexpired lease to bring a proceeding against a debtor in a chapter 13 case . . . to assume or reject an unexpired lease or executory contract").

**Memorandum Opinion and Order Denying Motion to Assume or Reject Lease**          **Page 6**

2001) (stating that in a chapter 11 context, "[a] creditor can object to either the assumption or rejection, and can offer evidence that will allow the Court to prevent either, but the creditor cannot force the assumption pursuant to [§ 365]"). Kim, as a nondebtor party to an executory contract, does not have statutory authority under § 365 to bring a motion to force the assumption of the Contract.

However, at the confirmation hearing, the Debtor will have the burden to establish the requirements for rejection of the Contract if Kim opposes its rejection.[7] If the Debtor fails to carry her burden of proof, the Court will deny the requested rejection. But, the denial of a request to reject an executory contract does not result automatically in the assumption of the contract. *Cf. United Food & Comm. Workers Union v. Family Snacks, Inc. (In re Family Snacks, Inc.)*, 257 B.R. 884, 907 (8th Cir. BAP 2001) (stating that in a chapter 11 context, "a denial of a rejection application could no doubt be followed, not by assumption, but by a renewed motion to reject under changed circumstances"). Moreover, if confirmation of the Plan is opposed, this Court must determine if the Plan was proposed in good faith. *See* 11 U.S.C. § 1325(a)(3) (stating that the court shall confirm a plan if "the plan has been proposed in good faith and not by any means forbidden by law").

Since Kim did not have statutory authority to bring the Motion or to request the extraordinary relief of forcing the Debtor to specifically assume the Contract, the Court cannot grant the Motion. However, the Court notes that to the extent the circumstances surrounding the Contract and its proposed rejection under the Plan raise issues of good faith, these issues will be taken up in connection with the confirmation hearing if raised by an objection to confirmation.

For these reasons, it is **ORDERED** that the Motion is **DENIED** without prejudice to the

---

[7] Section 1322(b)(7) specifically states that this section is subject to § 365. 11 U.S.C. § 1322(b)(7). Section 365 states that a decision to assume or reject executory contracts is "subject to the court's approval." 11 U.S.C. § 365(a).

**Memorandum Opinion and Order Denying Motion to Assume or Reject Lease**     **Page 7**

Court's consideration of the issues of rejection and good faith at plan confirmation if properly raised.

### End of Order ###